Argued December 16, 1977, affirmed March 13, 1978

STATE OF OREGON, *Appellant,*
*v.*
ROY SANDERSON, aka ELBIE, *Respondent.*
(No. B42-304, CA 9142)
575 P2d 1025

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Dean S. Kaufman, Eugene, argued the cause for respondent. With him on the brief was Bennett & Kaufman, Eugene.

Before Tanzer, Presiding Judge, and Johnson and Roberts, Judges.

TANZER, P. J.

## TANZER, P. J.

The state appeals an order of the district court sustaining a demurrer to a criminal complaint on the ground that the facts stated therein do not state a cause of action because the underlying statute is unconstitutionally vague. The complaint alleges:

"The defendant on or about the 5th day of July, 1977, * * * did unlawfully and with the intent to harass, annoy and alarm [the victim], engage in a course of conduct that alarmed and seriously annoyed * * * and served no legitimate purpose, to-wit: threatening to kill [the victim] on at least four occasions * * *."

The offense charged is harassment as defined by ORS 166.065(1)(d), which provides:

"(1) A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, he:

"* * * * *

"(d) Engages in a course of conduct that alarms or seriously annoys another person and which serves no legitimate purpose."[1]

The charging instrument is in the language of the statute and indicates the specific act complained of. It is sufficient to charge a crime, *State v. Jim/White,* 13 Or App 201, 508 P2d 462 *rev den* (1973), unless the underlying statute is invalid. Therefore, this case presents the issue which we expressly reserved in *State v. Sallinger,* 11 Or App 592, 597, 504 P2d 1383 (1972), namely whether ORS 166.065(1)(d) is unconstitutionally vague.[2]

---

[1] We express no opinion regarding the other subsections of the harassment statute.

[2] Defendant contends that we need not reach the constitutional issue because the complaint does not allege conduct which is proscribed by ORS 166.065(1)(d). The complaint charges that defendant threatened to kill the victim. Defendant argues that this allegation only involves speech and that words alone cannot constitute a "course of conduct" as required by the statute. This contention cannot be sustained. Assuming for argument that a course of conduct must necessarily involve more than speech, defendant's argument is based upon the erroneous assumption that a threat must be purely verbal.

[ 175 ]

■ The basis of the vagueness doctrine is the due process clause. Its rationale has been variously articulated, and all statements rest ultimately on the capacity for even application.

■ To survive constitutional scrutiny, a statute must provide an adequate standard for judicial determination of whether an individual's conduct is criminal. *City of Portland v. James,* 251 Or 8, 14, 444 P2d 554 (1968). It must establish a basis for the trial judge's decision of whether to submit a case to the jury and it must provide a framework within which the jury can determine guilt or innocence. A statute which does not provide such a standard for judicial application is void because it invests the judge and jury with uncontrolled discretion to impose the criminal sanction. *State v. Hodges,* 254 Or 21, 27, 457 P2d 491 (1969).

■ We have said that a statute which defines criminal conduct is void for vagueness if language describing elements of the offense is so elastic that men of common intelligence must necessarily guess at its meaning. *City of Portland v. White,* 9 Or App 239, 242, 495 P2d 778 *rev den* (1972). More theoretically, it is often said that a statute is unconstitutionally vague if it does not adequately notify potential defendants of its scope and reach, *see, e.g., State ex rel Juv. Dept. v. D.,* 27 Or App 861, 864, 557 P2d 687 *rev den* (1976), *appeal dismissed* 434 US 914 (1977), but it is doubtful that many offenders check Oregon Revised Statutes before deciding to do questionably nefarious deeds.[3]

■ The words of the statute do not provide standards capable of judicial application. The basic deficiency is that the phrase "alarms or seriously annoys" gives no basis to distinguish between anti-social conduct which

---

[3] *But see* ORS 161.025(1)(c):

"(1) The general purposes of chapter 743, Oregon Laws 1971, are:
"* * * * *

"(c) To give fair warning of the nature of the conduct declared to constitute an offense and of the sentences authorized upon conviction."

was intended to be prohibited and socially tolerable conduct which could not reasonably have been intended to be subject to criminal sanction. This is for two reasons: The over-generality of the language and its subjective quality.

As an example of the first, people who consistently appear late for appointments engage in a course of conduct which alarms or seriously annoys others for no legitimate purpose. The effect of a series of obscenely threatening telephone calls could be similarly described. It is inconceivable that the legislature could have intended the former case to be a crime, but entirely conceivable that the latter case could be considered criminal, yet the statute describes both offenses. The problem of the statute is that it fails to provide any standard by which police, judges and juries can distinguish between innocuous and criminal acts. The inclusion of the word "seriously" evidences a legislative recognition of the problem and informs us that not every tease or social slight was intended, but it has limited definitional value. It does not enable one to distinguish between innocent and criminal annoyance as a matter of degree.

In the absence of language providing guidance for even application, the parameters of the criminal conduct defined by the statute are so elastic that the judicial determination of guilt or innocence in each individual prosecution must necessarily be ad hoc, unregulated by legislative standards. Accordingly, ORS 166.065(1)(d) on its face does not satisfy the vagueness standard. *State v. Hodges.*

■ A vaguely worded statute will not be held void if it is susceptible to a limiting construction which will relieve it of constitutional infirmity. *State v. Hodges,* 254 Or at 26; *State v. Smith,* 31 Or App 749, 751, 571 P2d 542 (1977); *City of Portland v. White,* 9 Or App at 241. Such limiting judicial construction is possible if the underlying purpose of the statute is apparent from

[ 177 ]

the statute's prior judicial interpretation or legislative history.

Here, the statutory language is not revealing and the offense is too recently enacted to have acquired a judicial gloss. The legislative history indicates an intention to create a catchall offense. The challenged subsection of the harassment statute was expressly intended to be simply "a dragnet provision * * * to reach myriad forms of harassment that cannot be specifically enumerated." Oregon Criminal Code of 1971, 219, Commentary, § 223 (1975 ed). Thus, it appears that the legislature used deliberately general language to create a statute elastic enough to encompass a wide range of undefined conduct. It succeeded all too well. Because the legislative purpose in enacting the statute provides no basis for judicial narrowing of its scope, the statute is not susceptible to salvation by interpretation and it must be set aside. *Cf., State v. Hodges,* 254 Or at 25.

Affirmed.