Argued May 16, affirmed July 18, reconsideration denied September 12, 1978, review denied January 16, 1979

STATE OF OREGON, *Respondent,*

*v.*

DONALD ALLEN GOODWILL, *Appellant.*

(No. C 77-02-02026, CA 9018)

581 P2d 113

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Gegory A. Parker, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

LEE, J.

**LEE, J.**

This is a criminal case in which defendant seeks reversal of his convictions of criminal trespass in the second degree and riot. Defendant contends that the circuit court erred in (1) overruling his demurrer to Count I of the state's indictment, burglary in the first degree, ORS 164.255, (2) denying his motion for acquittal of the burglary charge, and (3) overruling his demurrers for alleged vagueness of the riot statute, ORS 166.015.

## I

Count I of the state's indictment provides in pertinent part:

"The defendant, on August 27, 1976, in Umatilla County, State of Oregon and acting jointly and together with [seven other defendants] and pursuant to a common intent, they knowingly and unlawfully entered and remained in a building, * * * with intent to commit a crime therein, and while effecting entry to that building and during their immediate flight therefrom, they were armed with certain dangerous weapons * * *."

Defendant's entry of the building in question, a potato shed, would constitute burglary in the second degree if defendant entered or remained unlawfully in the building with intent to commit a crime therein, ORS 164.215. Defendant's simultaneous use, or threat to use, a dangerous weapon would elevate the crime to burglary in the first degree.

Defendant demurred to the above charge on the ground that it was not definite and certain, ORS 135.630(6). Defendant cites *State v. Sanders,* 280 Or 685, 572 P2d 1307 (1977), for the proposition that an indictment for burglary which fails to .specify the crime which defendant allegedly intended to commit is subject to demurrer. Following *Sanders,* we find that it was error to overrule the demurrer. However, in the instant case, defendant was not convicted of burglary but of the lesser included offense, criminal trespass in

the second degree, ORS 164.245.[1] If an indictment is insufficient to charge a certain offense but sufficient to charge a lesser included offense, a conviction of the latter offense will stand. *United States v. Thomas,* 444 F2d 919 (DC Cir 1971). Under these circumstances, the error did not substantially affect defendant's rights. ORS 19.125. The jury verdict mooted defendant's second assignment of error.

## II

Defendant next contends that the court erred in overruling his demurrers for alleged vagueness of the riot statute, ORS 166.015. The state's indictment provides in pertinent part:

> "* * * [T]he defendant, acting jointly and together with five or more other persons * * * with certain of these persons being armed with dangerous weapons, they knowingly and unlawfully engaged in tumultuous and violent conduct by forcibly expelling and evicting certain employees of ·* * * a farming operation, which employees had a lawful right to be on those premises * * * and by refusing to abandon and leave those premises after being commanded * * * to do so by law enforcement officers of the State of Oregon, thereby recklessly creating a grave risk of causing public alarm * * *."

ORS 166.015 provides:

> "(1) A person commits the crime of riot if while participating with five or more other persons he engages in tumultuous and violent conduct and thereby intentionally or recklessly creates a grave risk of causing public alarm.
>
> "(2) Riot is a Class C felony."

The indictment is clearly couched in the language of the statute and indicates the specific act complained of. It is, therefore, sufficient to charge a crime unless

---

[1] ORS 164.245 provides:

"(1) A person commits the crime of criminal trespass in the second degree if he enters or remains unlawfully in or upon premises.

"(2) Criminal trespass in the second degree is a Class C misdemeanor."

the underlying statute is invalid. *State v. Sanderson*, 33 Or App 173, 575 P2d 1025 (1978).

■ To survive constitutional scrutiny, a state must provide an adequate standard for judicial determination of whether an individual's conduct is criminal. It must also provide a framework within which the jury can determine guilt or innocence. *State v. Sanderson*, *supra* at 176.

■ In proposing ORS 166.015, Oregon's Criminal Law Revision Commission stressed that:

> "The proposed section adopts the modern concept of a 'riot' by requiring a greater number of rioters and by shifting the emphasis from the commission of some other crime to the 'conduct' that creates a risk of causing 'public alarm.'
>
> "It must be shown that the rioters were involved in a common disorder; it is not enough to show that numerous individuals were engaged in similar unrelated activities. Mere presence without taking part by word or deed is not participation.
>
> "The term 'tumultuous and violent conduct' is intended to represent more than mere loud noise or disturbance. The language is designed to imply terroristic mob behavior involving ominous threats of personal injury and property damage. Persons participating in large urban riots would probably be punished for individual criminal acts rather than for riot." Proposed Oregon Criminal Code 212, Commentary § 218 (1970).

The above explanation of the statutory language provides an adequate standard for judicial and jury determinations. The operative words of the statute carry no greater burden of ambiguity than language itself. *United States v. Matthews*, 419 F2d 1177 (DC Cir 1969).

Affirmed.