Submitted on record and appellant's brief
November 27, 1978, reversed and remanded
March 5, 1979

## STATE OF OREGON, *Appellant*
*v.*
## WILLIAM DAVID DONAHUE, *Respondent.*
## (No. CR 78-17, CA 11791)

591 P2d 394

Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

No appearance for respondent.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

The state appeals from an order sustaining defendant's demurrer to a criminal complaint charging him with the crime of disorderly conduct, ORS 166.025(1)(a) and (c).[1] The only issue is whether the statutory definition of the crime is unconstitutionally vague. We find no impermissible vagueness and reverse.

ORS 166.025 provides in pertinent part:

"A person commits the crime of disorderly conduct if, with intent to cause *public inconvenience, annoyance or alarm,* or recklessly creating a risk thereof, he:

"(a) Engages in fighting or in violent, tumultuous or threatening behavior; or

"* * * * *

"(c) Uses abusive or obscene language, or makes an obscene gesture, in a public place * * *." (Emphasis supplied.)

The district court ruled that the italicized phrase in the general section defining the requisite mental element of the crime common to all subsections is unconstitionally vague and declared the entire statute void. It acknowledged that this court had rejected that contention in *State v. Marker,* 21 Or App 671, 674-75, 536 P2d 1273 (1975), but concluded that our decision in *State v. Sanderson,* 33 Or App 173, 575 P2d 1025 (1978), impliedly overruled *Marker.* Although *Sanderson* considered a different statute, ORS

---

[1] The complaint for disorderly conduct charges:

"The said defendant William David Donahue, on the 13th day of December, 1977, in the County of Benton, and State of Oregon, then and there being, did unlawfully and recklessly create a risk of public inconvenience, annoyance, and alarm by using abusive language substantially as follows: referring to James Samuels as a 'mother fucking nigger' while in a public place near the intersection of NW 15th Street and NW Polk Street, Corvallis, and by engaging in fighting with the said James Samuels at the above described public place * * *."

166.065(1)(d)[2] (harassment), the definitions of disorderly conduct and harassment contain similar language and are subject to analysis by analogy. *See, State v. Marker*, 21 Or App at 674-75; *State v. Sallinger*, 11 Or App 592, 595-96, 504 P2d 1383 (1972).

We recently restated the basic principles of the vagueness doctrine in *State v. Larsen*, 37 Or App 425, 429, 588 P2d 41 (1978), and need not repeat them here. In *Larsen*, we also clarified the basis of the *Sanderson* decision:

"In *Sanderson*, we found that the phrase 'alarms or seriously annoys' was so general and subjective that it provided no basis for distinguishing criminal from non-criminal conduct and that the subsection was not susceptible to a limiting construction because the legislative history indicated an intention to create a 'dragnet' or catchall offense. The subsection invalidated in *Sanderson* prohibited 'engaging in a course of conduct that alarms or seriously annoys another person'; the nature of annoying conduct to which the statute might apply was left unspecified. * * *"

In *Sanderson*, the definition of the prohibited act was intentionally general in order to serve as a catchall and, looking to the statute as a whole, the definition of the requisite mental state added no specificity. In *Larsen* we looked to ORS 166.065(1)(c) as a whole and held that the intent clause and the prohibited act clause were sufficiently specific to survive a challenge for unconstitutional vagueness.

Looking to ORS 166.025(1)(a) and (c) as a whole, the use of general language to describe the requisite mental intent when performing prohibited acts which are defined with greater specificity does not render the

[2] ORS 166.065(1)(d) provides:

"A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, he:

"* * * * *

"(d) Engages in a course of conduct that alarms or seriously annoys another person and which serves no legitimate purpose."

statutory definition impermissibly vague. Thus, nothing in *Sanderson* serves to overrule *Marker* or *Sallinger* and we adhere to all three holding.

Reversed and remanded.