## STATE OF OREGON,
*Respondent,*

*v.*

## JOSE CHAVEZ,
*Appellant.*

(82-649; A27881)

671 P2d 708

Donald D. Nash, Portland, argued the cause for appellant. On the brief were Daniel Hoarfrost, and Purcella, Nash & Hoarfrost, Portland.

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his conviction, after a jury trial, of riot, a Class C Felony. We affirm. Defendant and Brucker had an altercation on the street at 6 p.m. An hour and a half later, defendant and seven other men drove in one car to Brucker's house. A fight ensued between defendant and his friends and Brucker and two of his friends. Brucker was injured in the fight. The indictment charged that defendant

> "did . . . unlawfully and knowingly, while participating with five or more other persons, to-wit: Michael Wright, Michael Allie, William Jones, Jim Calcagno, Thomas Hudgens, Robert Fontaine and John King, engage in tumultuous and violent conduct, to-wit: going onto the premises of Bryce Randall Brucker and beating Bryce Randall Brucker and Michael Steven Lucia, thereby intentionally and recklessly creating a grave risk of causing public alarm . . ."

Defendant assigns as error the trial court's denial of his motion for acquittal. ORS 166.015 provides:

> "A person commits the crime of riot if while participating with five or more other persons he engages in tumultuous and violent conduct and thereby intentionally or recklessly creates a grave risk of causing public alarm."

Defendant asserts that the evidence did not show beyond a reasonable doubt that there were more than four persons other than himself who engaged in the "tumultuous and violent" conduct. Defendant argues that three of his seven friends only observed the fight.

The Criminal Law Revision Commission, which drafted ORS 166.015, stated:

> "It must be shown that the rioters were involved in a common disorder; it is not enough to show that numerous individuals were engaged in similar unrelated activities. Mere presence without taking part by word or deed is not participation." Proposed Oregon Criminal Code 212, Commentary § 218 (1970).

*See also State v. Goodwill,* 35 Or App 293, 295, 581 P2d 113 (1978). There was sufficient evidence for a jury to find beyond a reasonable doubt that defendant and four other men participated in the attack on Brucker. The question here is whether there was sufficient evidence that at least a fifth person also

participated with defendant in the tumultuous and violent conduct.

We find from the record that there was sufficient evidence so that the jury could find the following facts beyond a reasonable doubt: defendant made phone calls to some friends, told at least one of them that Brucker had struck him and asked them to meet him. Defendant and the seven men named in the indictment met and went to Brucker's home in defendant's car. Defendant drove the car onto Brucker's driveway. All eight men got out of the car and walked further onto Brucker's property toward two vehicles parked on his driveway. After passing the vehicles, defendant pointed Brucker out to the other men by saying to them, "This is the one" or "This guy right here." Four of the seven other men then participated actively with defendant in the fighting that followed. The other three men stood at the scene of the fight to prevent other friends of Brucker from coming to his aid. Under this evidence, the jury could find beyond a reasonable doubt that all seven men named in the indictment participated by their deeds with defendant in the tumultuous and violent conduct. *See also State v. Mayo,* 13 Or App 582, 511 P2d 456 (1973).

In determining the sufficiency of evidence, the court must view the evidence in the light most favorable to the state.

> "Our decision is not whether we believe defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for a jury to so find." *State v. Krummacher,* 269 Or 125, 137-38, 523 P2d 1009 (1974).

Affirmed.