## State of Vermont v. Pamela S. Begins

[509 A.2d 1007]

No. 85-326

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed March 28, 1986

*Robert Andres*, Chittenden County Chief Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Martin and Paolini*, Barre, for Defendant-Appellant.

**Gibson, J.** Defendant was convicted of disorderly conduct, 13 V.S.A. § 1026(1), arising out of events following her arrest in South Burlington for driving while under the influence of intoxicating liquor (DUI). She bases her appeal on the inadequacy of the findings below and on the asserted unconstitutionality of the Vermont disorderly conduct statute. We disagree on both grounds and affirm.

Defendant argues first that the court failed to find conduct on her part that could qualify as violent within the meaning of 13 V.S.A. § 1026(1). Section 1026(1) states:

> A person who, with intent to cause public inconvenience, or annoyance or recklessly creating a risk thereof:
> (1) Engages in fighting or in violent, tumultuous or threatening behavior . . . shall be imprisoned for not more than 60 days or fined not more than $500.00 or both.

The defendant, relying on a dictionary definition of "violent," argues that her actions did not constitute "extreme and sudden or

. . . unjust or improper force." Webster's New International Dictionary of the English Language 2846 (2d ed. 1955).

The court found that when defendant was stopped, in addition to yelling and screaming, she kicked and resisted arrest and had to be restrained with ankle cuffs, handcuffs, and a seatbelt. Two police officers were required to hold her. The record also indicates that she attempted to bite one of the police officers. This conduct more than justifies the court's finding of violent behavior as contemplated by § 1026(1). Compare *State* v. *Lund*, 144 Vt. 171, 178-79, 475 A.2d 1055, 1060-61 (1984) (attempting to bite and struggling with sheriff, yelling, and persistently using profanity in sheriff's office constituted tumultuous behavior in public place in violation of 13 V.S.A. § 1026(1)).

Nor can the defendant successfully argue that after she entered the police cruiser, her actions were no longer occurring in a public place. The defendant was stopped by police at an intersection in downtown Burlington. That was the locus of her conduct for purposes of the disorderly conduct statute. She cannot rely on the very actions taken to restrain her in that place, i.e., placement in a police vehicle, to argue that she was removed from a public place.

Finally, defendant argues that the disorderly conduct statute is unconstitutionally vague. The gist of the constitutional argument concerns the alleged vagueness of the prefatory language in § 1026: "with intent to cause public inconvenience, or annoyance or recklessly creating a risk thereof . . . ." Defendant cites *Marks* v. *City of Anchorage*, 500 P.2d 644 (Alaska 1972), where similar prefatory language in a city disorderly conduct ordinance was held unconstitutionally vague and overbroad. *Marks* involved a declaratory judgment action by a broad class of plaintiffs, necessarily raising every possible effect of the ordinance. The court's overbreadth rationale related exclusively to the effect of the ordinance on First Amendment freedoms, and was not applied to its specific prohibition against violent behavior. *Id.* at 650. The court's holding on vagueness condemned nearly every phrase in the ordinance, but omitted "violent . . . behavior." *Id.* at 653. Further, we note that, although it held the entire city ordinance unconstitutional on the ground that the prefatory language was impermissibly vague, the Alaska Supreme Court, in considering a petition for rehearing, had considerable difficulty distinguishing a United States Supreme Court opinion upholding a Kentucky dis-

orderly conduct statute that contained similar prefatory language. *Id.* at 653-57; see *Colten* v. *Kentucky*, 407 U.S. 104 (1972).

In Oregon, the courts have consistently upheld the constitutionality of a statute that is substantially identical to ours. See, e.g., *State* v. *Cantwell*, 66 Or. App. 848, 853, 676 P.2d 353, 357 (1984) (disorderly conduct statute making fighting or violent, tumultuous or threatening behavior unlawful, insofar as it is intended to create or recklessly creates a risk of public inconvenience, annoyance or harm, is not void for vagueness); *State* v. *Donahue*, 39 Or. App. 79, 82-83, 591 P.2d 394, 395 (1979) (same statute held not unconstitutionally vague insofar as it related to disorderly conduct such as fighting or abusive language perpetrated with intent to cause public inconvenience, annoyance or alarm).

██ We have held that we will "only rule on the constitutionality of a statute in the context of 'the factual situation in the case out of which it arises.' " *State* v. *Purvis*, 146 Vt. 441, 442, 505 A.2d 1205, 1206 (1985) (quoting *State* v. *Elwell*, 131 Vt. 245, 247, 303 A.2d 134, 135 (1973)). The case at bar arises from a factual context in which a defendant's specific violent behavior is the proscribed conduct, not her personal expression or lifestyle, as in *Marks*. Thus, the First Amendment issues that lie at the heart of *Marks* are not before us. The statute at issue, 13 V.S.A. § 1026(1), is sufficiently clear to inform a person of reasonable intelligence that the kind of conduct engaged in by defendant is prohibited. See *Grayned* v. *City of Rockford*, 408 U.S. 104, 108 (1972) (laws must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited . . . ."). As applied to the present facts, the statute is not unconstitutionally vague.

*Affirmed.*