John J. Walsh, J.
This is an appeal from a judgment of conviction in Justice’s Court, Town of Steuben which adjudged that the defendant was guilty of disorderly conduct in violation of section 722 of the Penal Law.
The return on appeal does not contain the stenographic minutes of the testimony upon which the judgment was based, nor any résumé or other notes taken by the Justice of the testimony given.
Whether or not such minutes are available is not known by this appellate court. The Trial Judge must keep minutes of a trial so that correctness of his findings may be reviewed on appeal. This must be done either by the Judge himself or delegated to a stenographer. (People v. Schenkel, 256 N. Y. 539.)
Where a return does not give any testimony produced at the trial, nor even slightest resume of such testimony, it is impossible for the appellate court to pass upon legality of conviction, and the judgment must be reversed. (People v. Gardner, 51 N. Y. S. 2d 197; People v. Halwig, 41 Misc. 227 [Oneida County Court, Dunmore, J.].)
*548 Where a conviction is reversed, the appellate court will usually send the case back for a new trial. (People v. Cittrola, 213 App. Div. 674 [stenographer unable to produce minutes of trial]; People v. Haag, 7 N. Y. S. 2d 159 [minutes lost].)
However, in this case, the information laid against the defendant is insufficient to confer jurisdiction upon the trial court. Where the facts set forth in an information do not state facts sufficient to constitute the crime or offense charged, it is jurisdictionally defective and must be dismissed. (People v. McGuire, 5 N Y 2d 523 [1959].)
The information laid before .the Trial Judge alleged that defendant violated subdivision 2 of section 722 of the Penal Law on the 12th day of November, 1957 by “ wrongfully, unlawfully, willfully and knowingly did operate and drive a Ford sedan, black color; New York registration 1 P 58-45 west on the Fraser Ed and did blow the horn of said Ford for a distance of about 100 feet, not passing any other vehicle at this time or all the way to his home or % of a mile. This act committed with the intent to provoke a breach of the peace and whereby a breach of the peace was occasioned, did annoy and be offensive to myself.” (Italics supplied.)
It is fundamental that section 722 of the Penal Law was designed to prohibit a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of a sizable segment of the community. (People v. Perry, 265 N. Y. 362.)
Private annoyances, however exasperating or reprehensible, are insufficient in law to constitute a violation of the disorderly conduct section where no breach of the peace has resulted. (People v. Ludovici, 13 N. Y. S. 2d 88 [1939].)
Here, the complaining witness swore that the act of the defendant was annoying only to himself. This does not satisfy the requirement of subdivision 2 of section 722 which was the offense charged against defendant, viz., that the act complained of must be in such a manner “as to annoy, disturb, interfere with, obstruct, or be offensive to others.” (Emphasis supplied.)
Since the information was insufficient in law, it did not confer any jurisdiction upon the court below.
Without passing on the merits of the case, it is apparent that the alleged blowing of the horn occurred on a relatively isolated country road in the area in which only two private residences were located, one belonging to the complaining witness and the other to the complaining witness ’ brother. Defendant swears that his blowing of the horn was for the *549 purpose of attracting his father’s attention as his automobile passed that of his father who was returning to the family farm after doing some chores at the Kent farm. He further alleges on his appeal that not a single disinterested person testified to any annoyance or disturbance.
Although it is not necessary to resolve the merits of the case in view of the insufficiency of the information, there is no legal ground upon which the conviction may be affirmed.
Judgment of conviction reversed; information dismissed; defendant discharged and fine remitted.