Louis M. Greenblott, J.
The appellant appeals from a judgment of conviction rendered against him after a trial without a jury on August 17, 1964, before the Honorable Harold It. Clark, Justice of the Peace of the Town of Vestal. The defendant was convicted of violation of subdivision 2 of section 722 of the Penal Law of the State of New York. Upon conviction, the Trial Judge imposed a fine in the sum of $50.
The defendant appeals to this court contending among other things that the information was defective and insufficient as a matter of law; the information did not state facts constituting the violation of subdivision 2 of section 722 of the Penal Law and that the guilt of the defendant was not proven beyond a reasonable doubt. The information alleged that the defendant ‘ ‘ wrongfully, unlawfully, wilfully, maliciously, and knowingly did make considerable noise outside several dwelling houses by operating a 1959 Pont, bearing N. Y. reg. 3W7156 in an unusual manner, Said Michael Coleman while waiting for the traffic light on Front St. at Main St. did accelerate the motor of said vehicle and hold same by braking and did build up tourque and when green light showed he did peel rubber and screech the tires of said vehicle for a distance of 39 feet all with intent to create a loud noise. All in violation of the above mentioned Sec. of the Penal Law.”
On the trial the only witness called by the prosecution was the arresting officer. He testified that he was parked in a driveway near the Vestal Five Corners when he observed a vehicle operated by the defendant stopped at the intersection of Route 17 and Front Street. He further observed that this car had stopped for a traffic signal light. He said he heard the motor racing on the car and when the light exhibited green the car peeled rubber and his tires made a screeching noise and left two black lines on the pavement of Front Street. It was his further testimony that he believed that there was an attendant at an Atlantic Gas station at the Five Corners and customers that were watching the defendant’s car as he pulled out after the signal light changed. The prosecution failed to call as witnesses any of the persons whom the officer alleged had observed the noise of the appellant’s car.
The law is clear in New York that section 722 of the Penal Law was designed to prohibit a disturbance of public order by an act of violence, or by an act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace *357 and quiet of a sizable segment of the community. (People v. Perry, 265 N. Y. 362.) It has been held that private annoyances, however exasperating or reprehensible, are insufficient in law to constitute a violation of the disorderly conduct section where no breach of the peace has resulted. (People v. Broadbent, 20 Misc 2d 547.)
Here, as in the Broadbent case, the complaining witness testified that the act of the defendant was annoying to him. He infers that the defendant’s act was offensive and annoying to others as required by the statute, but no other person testfiied.
Inasmuch as it is essential in a criminal case that each and every element constituting the crime be proven, it is obvious that the People have not substantiated their burden of proof. They have failed to prove beyond a reasonable doubt that the acts of the defendant were offensive to other persons.
This court is also concerned as to whether the evidence discloses that the acts of the defendant were intentional. The noise allegedly created by the defendant might well have been the result of an unintentional act on his part. Certainly, the burden of proof as to criminal intent has not been substantiated.
Actually there is no proof that the defendant annoyed anyone. In our opinion, the acts of the appellant, as described by the arresting officer, cannot reasonably be held to have tended to such a disturbance of the tranquillity of the People of the State of New York as to have constituted “ disorderly conduct ” in violation of the Penal Law.
The judgment of the Justice’s Court of the Town of Vestal is reversed and the information dismissed.