Liston F. Coon, J.
Petitioner has filed a petition in this court accusing respondent of committing a family offense pursuant to article 8 of the Family Court Act.
The petition alleges that on February 22, 1968, respondent, “ (a) assaulted Carol Joan Seymour who is a spouse, and ,(b) engaged in disorderly conduct toward Carol Joan [sic] who is a spouse of - said Respondent, in that * * * said Respondent on Route 38, south of the Village of Richford, attempted to force petitioner’s automobile off the road with his automobile, swerved in front of her automobile abruptly in an apparent attempt to cause a collision and swerved his car perpendicular to the shoulders of the highway in front of her vehicle, thereby endangering lives and safety of petitioner and four infant children ’ ’.
The relief prayed for by the petitioner is that an order of protection issue and that the matter be transferred to an appropriate criminal court.
The allegations of .the petition require that the proceeding be examined within the context of the revised Penal Law of the State which became effective on September 1, 1967. Unless jurisdiction can attach -pursuant to the definitions and framework of the new statute, the proceeding must fall.
Section 812 of the Family Court Act grants to the court exclusive original jurisdiction ‘ ‘ over any proceeding concerning acts which would constitute disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household.” Whatever question may have originally existed as to the court’s jurisdiction over degrees of assaults, the present law is clearly to the effect that all family assaults are within the purview of the Family Court Act in the first instance. (People v. Johnson, 20 N Y 2d 220; People v. Pieters, 26 A D 2d 891.)
We turn first to a determination as to whether the facts here alleged, assuming them to be true, spell out an assault under the revised Penal Law. The gravamen of all assaults under the new law is injury resulting in either “physical injury” or “ serious physical injury”. There are aggravating factors which determine the degree of an assault.
Subdivision 9 of section 10.00 of the Penal Law defines ‘ ‘ physical injury ’ ’ as meaning ‘ ‘ impairment of physical condition or substantial pain”. Thus the simplest assault contemplates not only a battery but that injury or impairment result.
There is nothing in the instant petition which even mildly suggests that an assault actually occurred.
*548 The next consideration is that of disorderly conduct. Section 240.20 of the new Penal Law provides: “ A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: (Hereafter follow seven subdivisions; only the ones with some connection to the allegations of the present petition are set forth.) * * * “ 5. He obstructs vehicular or pedestrian traffic; or * * *
“ 7. He creates a hazardous or physically offensive condition by any act which serves no legitimate purpose.”
As stated in the Commentaries to the new section, the revision completely restructured and reformulated the area of disorderly conduct. The new section is limited to conduct exhibiting a genuine intent or tendency to provoke a “ breach of the peace ” or “to cause public inconvenience, annoyance or alarm ”.
The substance of the new section by both intent and purpose seems to be that its provisions apply to public situations where the public peace and decorum are threatened. In the present petition the allegations are of a private nature, that of the respondent directing his hostile conduct towards the petitioner and her children.
Thus while it might be argued that respondent’s actions were aimed at obstructing vehicular traffic pursuant to subdivision 5 of section 240.20, the type of conduct which the subdivision proscribes relates to the blocking of highways or thoroughfares for extended periods of time to the public’s inconvenience. Likewise subdivision 7 of section 240.20 relating to the creation of hazardous or physically offensive conditions contemplates not acts directed at an individual but rather situations such as throwing fireworks into a crowd or loosening noxious materials within a confined area such as a theatre.
The court is aware that section 812 of ,the Family Court Act provides that for the purposes of the family offense article, disorderly conduct includes disorderly conduct not in a public place. However, this area of relaxation relates to “places” not “people”. Disorderly conduct may be “private” but relates to the place of occurrence, not the target of the conduct. In this case the alleged acts occurred “in a public place”: to wit, on the open highway.
Upon the finding that the alleged facts contained in this petition, even if true, constitute neither the offense of assault nor that of disorderly conduct, the petition confers no jurisdiction on this court.
It is not to be inferred that the alleged facts, if established, could not form the basis for an offense under the Penal Law *549 such as harassment (§ 240.25), menacing (§ 120.15), or reckless endangerment in its various degrees (§§ 120.20, 120.25).
However such offenses when committed by one member of the family against another do not come within the purview of the family offense sections of the Family Court Act. The statute covers only the offenses of assault and disorderly conduct. The court is without power to enlarge the statute by adding to its dimensions offenses not covered therein. (People v. Fuentes, 51 Misc 2d 354.)
The Court of Appeals recognized this limitation in People v. Johnson (supra, p. 223): “ The Constitution, it is to be borne in mind, gives the Legislature the power to vest in the Family Court, without qualification, jurisdiction over all ‘ crimes and offenses ’ between spouses (1ST. Y. Const., art. VI, § 13, subd. b). We conclude that, by use of the statutory language, ‘ disorderly conduct or an assault ’, the Legislature simply intended to limit the specific ' crimes and offenses ’ to be heard by the Family Court to certain types of violence.”
The revised Penal Law was enacted by chapter 1030 of the Laws of 1965, to take effect on September 1, 1967. Had the Legislature intended to vest jurisdiction of new or additional offenses in the Family Court when committed by one member of a family against another, it would have done so by contemporaneous or subsequent legislation.
The corollary to the above is, of course, that when a complaint alleging criminal acts between members of a family or household is originated in a criminal court, unless such complaint charges disorderly conduct or an assault, the proceeding should not be transferred to the Family Court pursuant to section 813 of the act. (Cf. People v. Rood, 55 Misc 2d 114.)
Since this court is without jurisdiction to treat the allegations of the petition as a family offense, there is nothing to be transferred to a criminal court as prayed for therein. The petition is dismissed without prejudice to the petitioner to institute an action in a criminal court for any appropriate offense other than for assault or disorderly conduct.