Chief Judge Fuld (concurring).
I am inclined to believe that section 812 of the Family Court Act vests the Family Court with exclusive .original jurisdiction over cases in which a .defendant is charged with committing incest with his minor daughter, particularly when she submitted to the acts solely under; thre.ats of violence. A reading of the statute, having in mind what I deem the intent of the Legislature, leads me to. cop.clude that a father,
*925 who forces his child to have sexual relations with him, commits an “ assault ” upon her within the sense of section 812 and that, consequently, a criminal court is required—by virtue of sections 813 and 814—to transfer the criminal complaint, charging such an act, to the Family Court so that that tribunal may determine, in the first instance, where the proceeding is to be tried. (See People v. Nuernberger, 25 N Y 2d 179, 183 [per Fuld, Ch. J., and Bergan, J., dissenting] ; Matter of Ruth S. v. George S., 63 Misc 2d l.)[1]
Although, ordinarily, I would dissent, I prefer in this instance simply to voice my view and leave to our law-making body the task of amending the statute if the court has misinterpreted its design.
Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion; Chief Judge Fuld concurs in a separate opinion.
Order affirmed.

. There can, of course, be no doubt that, if the charge involves an assault upon a child or spouse, its seriousness or gravity is no bar to the Family Court’s initial jurisdiction. (See, e.g., People v. Johnson, 20 N Y 2d 220; People v. Pieters, 26 A D 2d 891; Matter of Seymour v. Seymour, 56 Misc 2d 546, 547.)