Argued October 19, 1978, reversed and remanded for trial March 5,
reconsideration denied April 16, petition for review denied May 1, 1979,
286 Or 303.

# STATE OF OREGON, *Appellant,*

*v.*

# DEBORAH LOUISE CLARK, *Respondent.*

## (No. 77-2811-C, CA 11564)

591 P2d 752

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

The district court sustained defendant's demurrer to a criminal complaint[1] charging her with disorderly conduct on the ground that the underlying statute was unconstitutionally vague. The state appeals.

The statute at issue, ORS 166.025(1)(h), provides:

"(1) A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

"* * * * *

"(h) Created a hazardous or physically offensive condition by any act which he is not licensed or privileged to do."

■ We have hitherto upheld subsections (a) and (c), *see State v. Donahue,* 38 Or App 39, 591 P2d 394 (1979), but not subsection (h). Our first duty is to construe the statute in a constitutional manner if possible, *State v. Hodges,* 254 Or 21, 26, 457 P2d 491 (1969).

■ ORS 166.025 was derived from New York Revised Penal Law § 240.20, and was "directed at conduct causing what the common law termed a breach of the peace." Oregon Criminal Code of 1971, 215, Commentary § 220. In borrowing a statute from another state, the legislature is assumed to adopt the then existing case law interpretation of that statute in the state of origin, absent any indication to the contrary. *State v. Sallinger,* 11 Or App 592, 504 P2d 1383 (1972).

---

[1] The complaint for disorderly conduct charges:

"The above named defendant is accused by this complaint of the offense of DISORDERLY CONDUCT committed as follows:

"The said defendant, on or about 25 November 1977 in Jackson County, Oregon, then and there being, did unlawfully and recklessly create a risk of public inconvenience, annoyance and alarm, by creating a physically offensive condition, by an act which she was not licensed or privileged to do, to wit: by pouring beer on the bar of the 'Sir Gallahad's' tavern * * *."

In *Seymour v. Seymour*, 56 Misc 2d 546, 289 NY Supp 2d 515 (1968), it was held that the statute "contemplates not acts directed at an individual, but rather situations such as throwing fireworks into a crowd or loosening noxious materials within a confined area such as a theater."

In *People v. Broadbent*, 20 Misc 2d 547, 192 NY Supp 2d 889 (1959), defendant's conviction for blowing of his automobile horn for no traffic-related reason was reversed. The court held:

"* * * Private annoyances, however exasperating or reprehensible, are insufficient in law to constitute a violation of the disorderly conduct section where no breach of the peace has resulted."

In *People v. Coleman*, 47 Misc 2d 355, 262 NY Supp 2d 508 (1965), an officer observed defendant "revving up" his automobile engine with the brakes on until the traffic light changed and then "peeling out," causing his tires to squeal and leaving rubber marks on the street. As in *Broadbent*, the complainant only averred that defendant's act was annoying to himself. Nothing was offered to show it offended a substantial portion of the community. The conviction was reversed for that reason and for failure to prove intent.

The New York cases narrow the meaning of the statute to this extent: A defendant's act, no matter how reprehensible to any particular person, must disrupt a group of persons or a portion of the community at large and we accept that construction. The question remains whether this construction is sufficiently definite to save the statute from its asserted vagueness. In *State v. Sanderson*, 33 Or App 173, 575 P2d 1025 (1978), we articulated the test for vagueness as follows:

"To survive constitutional scrutiny, a statute must * * * establish a basis for the trial judge's decision of whether to submit a case to the jury and * * * provide a framework within which the jury can determine guilt or innocence. A statute which does

not provide such a standard for judicial application is void because it invests the judge and jury with uncontrolled discretion to impose the criminal sanction.

"* * *[A] statute which defines criminal conduct is void for vagueness if language describing elements of the offense is so elastic that men of common intelligence must necessarily guess at its meaning [and] it does not adequately notify potential defendants of its scope and reach * * *." (Citations omitted.)

■■ In *Sanderson* the phrase "alarms or seriously annoys" used in describing acts constituting harassment, was said to be overly general and subjective, and thus a subsection of the harassment statute was held to be void for vagueness. In ORS 166.025(1)(h), however, "hazardous or physically offensive" suffers no such fault. The inclusion of the adjective "physically" excludes trivial annoyances. The word "hazardous" has an accepted meaning involving risk or danger and judicial application impliedly intended by the legislature to apply requires that the hazard impinge upon a substantial portion of the community. Thus we hold that the statute is sufficiently certain to allow judicial application and to give notice of what is prohibited.[2] The demurrer should have been overruled.

Reversed and remanded for trial.

**BUTTLER, J., dissenting.**

I would affirm the trial court's sustaining of defendant's demurrer to the complaint on the ground

---

[2] We do not reach the issue of whether pouring beer on the bar in Jackson County is sufficient to constitute the crime. The state's brief says:

"Since this is an appeal from an order sustaining a demurrer, and since there is, as yet, no record of the circumstances under which defendant's conduct allegedly occurred, we think it would be premature, at this time to consider whether defendant's alleged conduct does, in fact, violate ORS 166.025(1)(h). *Cf. State v. Marker,* 21 Or App 671, 679, 536 P2d 1273 (1975). * * *"

We agree.

that the underlying statute is unconstitutionally vague. Accordingly, I dissent.

Even if we add to the statute the language which the majority derives from the New York cases, "narrowing" the meaning of the statute, the vagueness remains. Presumably, ORS 166.025(1)(h) would then read:

> "(1) A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> "* * * * *
>
> "(h) Created a hazardous or physically offensive condition by any act which he is not licensed or privileged to do, *[thereby disrupting a group of persons or a substantial portion of the community.]*" (Emphasis supplied.)

I accept the majority's test, as stated in *State v. Sanderson*, 33 Or App 173, 575 P2d 1025 (1978), and can see no distinction between the statute held void for vagueness in *Sanderson* and the statute here involved. The majority's attempted distinction is one without a difference. *Sanderson* held to be overly general and subjective, the phrase "alarms or seriously annoys." The majority states that the inclusion here of the adjective "physically" before the word "offensive" excludes trivial annoyances and therefore is not overly general and subjective. In *Sanderson*, however, we said:

> "* * * The inclusion of the word 'seriously' evidences a legislative recognition of the problem and informs us that not every tease or social slight was intended, but it has limited definitional value. It does not enable one to distinguish between innocent and criminal annoyance as a matter of degree." 33 Or App at 177.

It seems to me that the word "seriously" has at least as much definitional value as does the word "physically" in the context of the statutory language here involved.

Since the defendant was only charged with "creating a physically offensive condition," not a "hazardous" one (also included under ORS 166.025(1)(h)), we are only concerned with that portion of the subsection, and I would hold that portion void for vagueness.