Argued May 29, reversed and remanded for trial September 4, 1979

CITY OF COTTAGE GROVE,
*Appellant,*
*v.*
FARMER,
*Respondent.*
(No. 77-7014, CA 12421)
599 P2d 472

Peter C. Kelsay, Cottage Grove, argued the cause and filed the brief for appellant.

Robert J. McCrea, Eugene, argued the cause for respondent. With him on the brief were Morrow, McCrea & Divita, and Paul R. Frisch, Eugene.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

THORNTON, J.

## THORNTON, J.

Defendant was convicted of disorderly conduct in municipal court. On appeal, the circuit court sustained his demurrer to the complaint on the ground that the ordinance section upon which it was based was unconstitutionally vague. Cottage Grove appeals.

The portion of the complaint to which defendant objects reads:

" * * * that at the date and place aforesaid the defendant, Randall Lyle Farmer, unlawfully acted in a disorderly manner recklessly creating a risk of public inconvenience by using abusive and obscene language likely to provoke a violent and disorderly response * * *."

Defendant demurred as follows:

"Defendant hereby demurs to and against the Complaint, charging Disorderly Conduct on the grounds that the facts therein do not state a crime and for the reason that the same and the City of Cottage Grove Ordinance 2107, Sec. 20.300, which is the basis therefor are unconstitutionally vague."

As noted, the circuit court sustained the demurrer on the ground that Sec. 20.300 was unconstitutionally vague.

Section 20.300 provides in pertinent part:

*"Disorderly Conduct.* (1) A person commits the crime of disorderly conduct if, with intent to cause a public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

" * * * * *

"(c)   Uses abusive or obscene language, or makes an obscene gesture likely to provoke a violent or disorderly response; or

" * * * * *

"(h)   Creates a hazardous or physically offensive condition by an act which he is not licensed or privileged to do."

ORS 166.025(1) provides in pertinent part:

[23]

"A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

" * * * * *

"(c)  Uses abusive or obscene language, or makes an obscene gesture, in a public place; or

" * * * * *

"(h)  Created a hazardous or physically offensive condition by any act which he is not licensed or privileged to do."

We have previously upheld against vagueness challenges those portions of ORS 166.025(1) analogous to those portions of Section 20.300 of the City's ordinance relevant to defendant's challenge in the case at bar. *See State v. Spencer,* 41 Or App 393, 599 P2d 464 (1979); *State v. Donahue,* 39 Or App 79, 591 P2d 394 (1979); *State v. Clark,* 39 Or App 63, 591 P2d 752, *rev den* 286 Or 303 (1979).

Reversed and remanded for trial.

**JOSEPH, J.,** specially concurring.

I concur only because *Spencer, Donahue* and *Clark,* although wrongly decided, established the law on the validity of the ordinance.

Buttler, J., joins in this opinion.