Argued July 26, affirmed September 17, 1979

STATE OF OREGON,
*Respondent,*
*v.*
CALVIN DEAN STUBBLEFIELD,
*Appellant.*

(No. B50-452, CA 13886)

600 P2d 469

Kathryn A. Wood, Eugene, argued the cause for appellant. With her on the brief was Public Defender Services of Lane County, Inc., Eugene.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Joseph and Roberts, Judges.

JOSEPH, J.

## JOSEPH, J.

■   Defendant appeals the judgment on his jury conviction of recklessly endangering another person. ORS 163.195.[1] His sole contention is that the trial court erred in refusing his requested instruction on disorderly conduct (ORS 166.025(1)[2]) as a lesser included offense.

ORS 136.465 provides:

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime."

---

[1] ORS 163.195:

"(1) A person commits the crime of recklessly endangering another person if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.

"(2) Recklessly endangering another person is a Class A misdemeanor."

[2] ORS 166.025(1):

"(1)   A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

"(a)   Engages in fighting or in violent, tumultuous or threatening behavior; or

"(b)   Makes unreasonable noise; or

"(c)   Uses abusive or obscene language, or makes an obscene gesture, in a public place; or

"(d)   Disturbs any lawful assembly of persons without lawful authority; or

"(e)   Obstructs vehicular or pedestrian traffic on a public way; or

"(f)   Congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse; or

"(g)   Initiates or circulates a report, knowing it to be false, concerning an alleged or impending fire, explosion, crime, catastrophe or other emergency; or

"(h)   Created a hazardous or physically offensive condition by any act which he is not licensed or privileged to do."

[203]

In *State v. Washington,* 273 Or 829, 835, 543 P2d 1058 (1975), the court declared:

> "[ORS 136.465] relates to lesser offenses which are not merely lower degrees of the crime charged but are either necessarily included in the statutory definition of the crime (criminal trespass in burglary) or expressly included in the criminal offense as charged in the indictment (assault with a deadly weapon under indictment charging assault with intent to kill and use of a deadly weapon)." (Citations omitted.)

In order for an instruction on the lesser offense to be given, the offense must therefore be "included" in one of those ways. *See State v. Thayer,* 32 Or App 193, 573 P2d 758, *rev den* 283 Or 1 (1978).

■ In *State v. Clark,* 39 Or App 63, 66, 591 P2d 752, *rev den,* 286 Or 303 (1979), we construed ORS 166.025(1) to require that the

> "*** defendant's act, no matter how reprehensible to any particular person, must disrupt a group of persons or a portion of the community at large."

Stated another way, we held that "the hazard [must] impinge upon a substantial portion of the community." 39 Or App at 67. Given that construction, the offense of disorderly conduct—in particular "recklessly creating a risk of [public inconvenience, annoyance or alarm]"—is not necessarily included within the statutory definition of recklessly endangering another person, although it might be included in that offense as alleged in a particular charging instrument. If one's reckless conduct creates a substantial risk of serious physical injury, it necessarily creates a risk of inconvenience, annoyance or alarm, but not necessarily "public" inconvenience, annoyance or alarm.

■ In this case the relevant portion of the complaint charged that defendant

> "*** did unlawfully and recklessly create a substantial risk of serious physical injury to John Peter Manitsas, Jr., and Cathy Manette Manitsas ***."

[204]

Although the alleged risk affected more than one person, it was not the type of "public" risk required under *State v. Clark, supra,* for the offense of disorderly conduct. The instruction was therefore properly denied.[3]

Affirmed.

---

[3] Defendant also argues that the trial court erred in refusing the instruction on the ground that as written it was not precisely correct, when the trial court's comments demonstrated that he knew precisely what the problem was and he even explained to counsel how a correct instruction would be framed. In light of our holding, we do not reach that issue.