Argued and submitted August 18, reversed September 29, 1980

STATE OF OREGON,
*Respondent,*

*v.*

RUSSELL SHERMAN GILBERT,
*Appellant.*

(No. MB 79-813, CA 17312)

617 P2d 288

Kent W. Day, Coos Bay, argued the cause for appellant. With him on the brief was McInturff, Thom & Collver, Coos Bay.

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

#### BUTTLER, J.

Defendant appeals from his conviction of disorderly conduct under ORS 166.025 after his motion for a judgment of acquittal was denied. We reverse.

Defendant was charged in a Complaint which alleged that he committed the crime of disorderly conduct in that he

"* * * did unlawfully and recklessly create a risk of public inconvenience, annoyance and alarm by engaging in violent, tumultuous and threatening behavior, to wit: yelling obscenities in a public place, blocking a doorway to the business establishment, harassing patrons of said business and striking Grace Walker with a door."

ORS 166.025 provides:

"(1) A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

"(a) Engages in fighting or in violent, tumultuous or threatening behavior; or

"(b) Makes unreasonable noise; or

"(c) Uses abusive or obscene languge, or makes an obscene gesture, in a public place; or

"(d) Disturbs any lawful assembly of persons without lawful authority; or

"(e) Obstructs vehicular or pedestrian traffic on a public way; or

"(f) Congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse; or

"(g) Initiates or circulates a report, knowing it to be false, concerning an alleged or impending fire, explosion, crime, catastrophe or other emergency; or

"(h) Created a hazardous or physically offensive condition by any act which he is not licensed or privileged to do.

"* * * * *."

Defendant was charged after a confrontation with the complaining witness, Mr. Hall, and Ms. Walker, an employee of Hall's son. Hall helps his son operate a teenage disco club in Coos Bay. The club

opens for business at 8:00 p.m. Hall and Walker arrived at 6:30 p.m. on the day of the incident to prepare for business. When they arrived defendant was sitting on the sidewalk in front of the door to the club. Defendant refused to move when asked by Hall to do so and was hit by the door when it was opened by Walker. Defendant became angry and slammed the door into Walker's foot. He then began to use abusive and obscene language toward Hall. Defendant pushed the door into Hall, who then entered the building and called police. Defendant remained on the sidewalk throughout the episode. There is no evidence that there were any other witnesses to the incident.[1]

Defendant's motion for judgment of acquittal was based on the state's failure to prove that he had the requisite intent to cause, or recklessly created a risk of, "*public* inconvenience, annoyance or alarm," because the only witnesses to defendant's behavior were Hall and Walker. We agree.

Because Oregon's disorderly conduct statute was derived from a New York state statute, we adopted, in *State v. Clark,* 39 Or App 63, 591 P2d 752, *rev den* (1979), the interpretation of New York cases which had limited the scope of the statute. We defined that limitation in *Clark* as requiring that

"* * * [a] defendant's act, no matter how reprehensible to any particular person, must disrupt a group of persons or a portion of the community at large * * *." 39 Or App at 66.

We noted later in that opinion that the actions of one charged under the statute must "impinge upon a substantial portion of the community." 39 Or App at 67.

In *State v. Stubblefield,* 42 Or App 201, 600 P2d 469 (1979), we pointed out that every action which creates a risk of inconvenience, annoyance or alarm does not necessarily create a danger of "public" inconvenience, annoyance or alarm. In *Stubblefield* we held that the defendant was not entitled to an instruction on disorderly conduct, as a lesser included offense to

---

[1] Contrary to the allegation of the complaint, there was no evidence that defendant harassed patrons of the business.

the one charged, when his actions created a risk as to only two people. We held that was not the type of "public" risk required under *State v. Clark, supra,* for the offense of disorderly conduct.

The precise nature of the defendant's actions was not described in *Stubblefield.* However, we do not find that defendant's actions in this case should be distinguished, as the state suggests, simply because they occurred partly on a public sidewalk. The record shows that only Hall and Walker were present to witness defendant's actions. We need not decide how many persons must be present to constitute a "public" risk of the type contemplated by the statute. Under *Stubblefield,* risk of inconvenience, annoyance or alarm to only two persons does not come within the purview of the statute.[2]

Reversed.

_____

[2] Our disposition of this case makes it unnecessary for us to reach defendant's other assignment of error.