Argued and submitted April 24, reversed and remanded for new trial June 5, 1985

## STATE OF OREGON,
*Respondent,*

*v.*

## DENNIS DEA SARGENT,
*Appellant.*

(DA 275081; CA A34367)

701 P2d 484

Garrett A. Richardson, Portland, argued the cause and filed the brief for appellant.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals his conviction for disorderly conduct. ORS 166.025(1)(a). The charge arose out of a fight between defendant and another man on a public sidewalk in Portland. The fight attracted a significant crowd of onlookers before it was broken up by police. Defendant maintains that the trial court failed to find, as a fact, one of the elements required to convict him. We agree and reverse.

The statute in question provides, in pertinent part,

"(1)   A person commits the crime of disorderly conduct *if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person:*

"(a)   Engages in fighting or in violent, tumultuous or threatening behavior * * *." ORS 166.025(1)(a). (Emphasis supplied.)

The charging instrument, tracking the statute, alleged that defendant

"did unlawfully *and with intent to cause public inconvenience, annoyance and alarm,* engage in violent, tumultuous and threatening behavor * * *." (Emphasis supplied.)

At trial, the parties disagreed about whether, under the statute, it was necessary for the state to prove that defendant intended to cause ".public inconvenience, annoyance or alarm" or, instead, it was sufficient for the state to prove that the defendant intended to engage in "violent, tumultuous and threatening behavior" and that such behavior did, *in fact,* result in public inconvenience, annoyance or alarm.

The trial judge took the latter view. In announcing her verdict, she stated,

"Well, I'm going to enter a guilty [finding]. I'm going to enter that guilty [finding] based on a finding that [the fight] did disrupt, and inconvenience, annoy or alarm a substantial portion of the community. In *[State v.] Gilbert,* [48 Or App 419, 617 P2d 288 (1980),] we had two individuals in some kind of a teen disco on a sidewalk or something. This case falls well within the number of people or the part of the community disrupted. My reading of intent would require only that the defendant intend to engage in the behavior. In other words, intend to fight; engage in violent, tumultuous and threatening behavior. And as a result of that, public inconvenience,

annoyance and alarm resulted. I make no finding that the defendant intended to cause public inconvenience, annoyance or alarm."

Judgment was entered accordingly. This appeal followed.

■　　　The trial judge's reading of the statute is erroneous. By its plain words, a defendant is prohibited from engaging in certain conduct "with intent to cause public inconvenience, annoyance or alarm." ORS 166.025(1)(a). It could not be clearer that the forbidden intent is the intent to cause certain public discomfiture, whether or not the defendant is successful. See *State v. Gilbert, supra; State v. Donahue,* 39 Or App 79, 591 P2d 394 (1979); *see also State v. Cantwell,* 66 Or App 848, 853, 676 P2d 353 (1984).

■　　　The judge's error requires reversal in full, or only for a new trial, depending on what she meant by her statement, "I make no finding that the defendant intended to cause public inconvenience, annoyance or alarm." If she meant that such a finding was irrelevant, a new trial is required, because the finding is necessary; if she meant that she did not find from the evidence the existence of the intent *as a matter of fact,* defendant is entitled to an acquittal. The words the judge used permit either interpretation. However, a careful review of the tape recording of her remarks and her intonation in pronouncing the key statement, satisfies us that she simply considered the question of defendant's intent to cause public inconvenience, annoyance or alarm to be beside the point.

Reversed and remanded for a new trial.