2007 UT 6

STATE of Utah, Plaintiff and Respondent,

v.

Richard Franklin NORRIS, Defendant and Petitioner.

No. 20041118.

Supreme Court of Utah.

Jan. 19, 2007.

Mark L. Shurtleff, Att'y Gen., Kris C. Leonard, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Elizabeth Hunt, Salt Lake City, for defendant.

On Certiorari to the Utah Court of Appeals

WILKINS, Associate Chief Justice:

¶ 1 Defendant Richard Norris seeks reversal of the court of appeals' ruling that Utah Code section 76–10–1801 is neither unconstitutionally overbroad nor vague.

¶ 2 Norris also asks that we reverse the court of appeals' decision that proper jurisdiction existed in the district court for the filing of charges against him even though the remittitur of his pending appeal was issued prematurely. We affirm.

## BACKGROUND

¶ 3 Norris ran advertisements in local newspapers for salaried employment positions. The employment consisted of selling a diet product or some type of counseling in conjunction with the sale of the diet product. It appears that several individuals answered the advertisements and were extended job offers. As part of this process, the individuals were given the diet product and asked to sign an agreement. Many believed that they were signing a product inventory, but they were actually agreeing to purchase the product. They later learned that their employment was not salaried as had been advertised. When they tried to return the diet product, Norris would refuse it. He would then sue in small claims court for alleged breach of the contracts.

¶ 4 The procedural history in this case is complex. West Valley City originally brought four misdemeanor charges of communications fraud against Norris in the Third Circuit Court.[1] The circuit court dismissed the charges because the aggregate of the four counts exceeded the court's jurisdictional limit of $1000. West Valley appealed to the court of appeals. While this appeal was pending, the Salt Lake County District Attorney's Office charged Norris with eleven felony counts of communications fraud in the

district court. Norris moved to quash the charges because the West Valley appeal was still on-going. The district court granted the motion, dismissing the charges without prejudice.

¶ 5 West Valley immediately sought a dismissal of its appeal. Norris opposed the dismissal. However, the court of appeals dismissed the appeal on March 26, 1997. In April, the Salt Lake County District Attorney re-filed ten of the felony charges, and Norris moved to dismiss, arguing that the necessary remittitur of the prior appeal had not yet issued. The court granted the motion and dismissed the charges without prejudice a second time.

¶ 6 The remittitur was prematurely issued on May 13, 1997, and the DA's office again re-filed, this time with twenty felony communications fraud charges. At this same time, Norris asked the court of appeals to reconsider the dismissal, filed a petition for writ of certiorari, and sought an extraordinary writ from this court directing the court of appeals to recall the remittitur as premature since the time for filing an appeal had not yet expired.

¶ 7 We ordered the recall of the remittitur, and Norris sought certiorari review both with us and with the United States Supreme Court. Both the U.S. Supreme Court and our court denied certiorari review. Following the denials, the case was once again remitted to the district court[2] in October 1998. During the time that Norris was seeking certiorari review of the misdemeanor appeal, he also sought a dismissal of the felony charges in the district court. The district court denied the motion and declared that it would entertain no further hearings, motions, or arguments until the misdemeanor appeal had been once again remitted.

¶ 8 Once the final remittitur finally issued, the state withdrew eight of the twenty felony charges, and defendant was bound over on the remaining charges. The defendant eventually entered conditional guilty pleas. Two

---

1. At the time, circuit courts existed with limited jurisdiction. They were all consolidated into the district courts in 1996. *See* Utah Code Ann. § 78–1–2 (2006).

2. By this time, the circuit court, from which the appeal had been taken, had been merged into the district court.

weeks later, the defendant moved to withdraw his guilty pleas. The motion was denied, and he was sentenced on two felony counts. Defendant timely appealed, and the court of appeals reversed and remanded the case because of possible confusion in the terms of the plea bargain. On remand, the defendant withdrew his guilty pleas and the case was set for a seven-day trial.

¶ 9 On September 8, 2003, Norris entered conditional guilty pleas to two charges of attempted communications fraud, both class A misdemeanors, and reserved for appeal the constitutionality question and a jurisdictional question.

## STANDARD OF REVIEW

¶ 10 On certiorari, we review the decision of the court of appeals, not the trial court.[3] Whether a statute is unconstitutionally overbroad or vague is a question of law reviewed for correctness.[4] A statute is presumed constitutional, and we resolve any reasonable doubts in favor of constitutionality.[5] Whether the district court has jurisdiction is a question of law that we review for correctness, giving no deference to the lower court.[6]

## ANALYSIS

¶ 11 Norris raises two issues on certiorari. The first is a constitutional overbreadth challenge to the Communications Fraud statute, and the second is a challenge to the district court's jurisdiction to accept and act on the felony charges prior to the proper remittitur of the circuit court appeal. After briefing and oral argument, we requested that the parties also brief whether the Communications Fraud statute was unconstitutional due to vagueness.

¶ 12 We conclude that the statute is neither unconstitutionally overbroad nor vague

as applied to Norris. In addition, we conclude that the district court did have jurisdiction. We begin by addressing the overbreadth and vagueness arguments and then the jurisdictional argument.

## I. UTAH CODE SECTION 76–10–1801 IS NEITHER OVERBROAD NOR VAGUE

¶ 13 Defendant argues that, on its face, Utah Code section 76–10–1801 is both unconstitutionally overbroad and vague. The United States Supreme Court has given clear guidance concerning facial challenges for overbreadth and vagueness:

> In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a *substantial amount of constitutionally protected conduct.* If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. *A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.* A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law.[7]

¶ 14 We therefore begin by determining whether the Communications Fraud statute reaches a substantial amount of protected conduct.[8] "In making this determination, criminal statutes must be scrutinized with particular care; those that make unlawful a substantial amount of constitutionally protected conduct may be held facially invalid

---

**3.** *Salt Lake County v. Metro W. Ready Mix, Inc.,* 2004 UT 23, ¶ 11, 89 P.3d 155.

**4.** See *Provo City Corp. v. Thompson,* 2004 UT 14, ¶ 5, 86 P.3d 735.

**5.** *Grand County v. Emery County,* 2002 UT 57, ¶ 6, 52 P.3d 1148.

**6.** *Beaver County v. Qwest, Inc.,* 2001 UT 81, ¶ 8, 31 P.3d 1147.

**7.** *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494–95, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) (emphases added) (citations omitted).

**8.** See *I.M.L. v. State,* 2002 UT 110, ¶ 15, 61 P.3d 1038.

even if they also have legitimate application." [9]

¶ 15 It is clear from the text of the statute that the Communications Fraud statute deals with speech in various forms. The question is whether the type of speech that this statute criminalizes falls under the protection of the First Amendment. It does not.

■ ¶ 16 The relevant language of the statute states that

[a]ny person who has devised any scheme or artifice to defraud another or to obtain from another money, property, or anything of value by means of false or fraudulent pretenses, representations, promises, or material omissions, and who *communicates* directly or indirectly with any person by any means for the purpose of executing or concealing the scheme or artifice is guilty of [communications fraud].[10]

In subsection (6) of the statute, "communicate" is defined to mean "to bestow, convey, make known, recount, impart; to give by way of information; to talk over; or to transmit information." [11] This definition is quite broad and obviously includes speech protected under the First Amendment. However, subsection (1) and subsection (7) of the statute limit the applicable definition.

¶ 17 Under subsection (1), violation of the statute also requires a person to have devised a *scheme or artifice to defraud* or devised a *scheme or artifice to obtain* from another money, property, or anything of value *by means of false or fraudulent pretenses, representations, promises, or material omissions.* The statute further states in subsection (7) that "[a] person may not be convicted under this section unless the pretenses, representations, promises, or material omissions made or omitted were made or omitted *intentionally, knowingly, or with reckless disregard for the truth.*" [12]

¶ 18 The statute criminalizes speech that is fraudulent or false. Additionally, in order to be actionable, the statute requires that the communication be made intentionally, knowingly, or with reckless disregard. Finally, the statute requires that the communication be made in connection with and "for the purpose of executing or concealing" a scheme or artifice to defraud another.[13] This type of speech is not protected by the First Amendment.

¶ 19 In making this determination, we do not conclude that *all* false speech is subject to being criminalized by the state. This case deals with speech that was *both* knowingly false *and* part of a scheme to defraud. False speech of this type may be restricted by the imposition of criminal penalties. However, speech that is knowingly false but that is neither defamatory, fraudulent, nor otherwise harmful to the interests of society may well be protected by the Constitution from state prohibitions. The question is not before us, but it is unlikely that such a case would pass constitutional muster.

¶ 20 As a result, Norris's overbreadth challenge fails, since *no* protected conduct is proscribed.

■ ¶ 21 So too does his vagueness challenge fail. Norris focuses on the vagueness of the provisions of the act, Utah Code section 76–10–1801(1) and (1)(e), that relate to "anything of value" or of no "monetary value." In his case, Norris was charged with, and pled guilty to, fraud involving taking money from his victims. As a result, in Norris's case, any vagueness that may reside in the terms "anything of value" or of no "monetary value" simply do not apply. There is no vagueness in the prohibition against Norris's taking money from his victims. As such, Norris is foreclosed from making a vagueness challenge based on hypothetical circumstances that may apply to others but clearly not to himself.[14]

9. *Id.* (citation and internal quotation marks omitted).

10. Utah Code Ann. § 76–10–1801(1) (2003) (emphasis added).

11. *Id.* § 76–10–1801(6).

12. *Id.* § 76–10–1801(7) (emphasis added).

13. *Id.* § 76–10–1801(1).

14. *See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982).

## II. THE DISTRICT COURT DID HAVE JURISDICTION OVER FELONY CHARGES

¶ 22 We now turn to whether the district court had jurisdiction over the felony charges filed after the remittitur had been issued prematurely. We hold that it did.

¶ 23 Once the circuit court dismissed the misdemeanor charges, there were no pending charges against Norris. Although the city had sought reversal of that order, until the court of appeals reinstated the charges, the county was free to bring the felony charges against Norris in the district court as a new action. The timing and the propriety of remittitur has no legal impact on the filing of the felony charges in this instance. Therefore, the district court had proper jurisdiction to receive and resolve the new charges under its constitutional grant of general jurisdiction.[15]

### CONCLUSION

¶ 24 Utah Code section 76–10–1801 does not reach any constitutionally protected conduct, and, therefore, is not unconstitutionally overbroad. In addition, as applied to Norris, the statute is not unconstitutionally vague. Finally, the district court had proper jurisdiction over the felony charges. The timing of the remittitur of the circuit court appeal on dismissal of the misdemeanor charges was irrelevant. The decision of the court of appeals is affirmed.

¶ 25 Chief Justice DURHAM, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice WILKINS' opinion.