Argued August 18, affirmed September 10, reconsideration
denied October 8, petition for review denied November 25, 1975

STATE OF OREGON, *Respondent, v.* DANIEL
LEE ZEIT (No. 87987), *Appellant.*

539 P2d 1130

*Charles D. Burt,* Salem, argued the cause for appellant. With him on the brief were Brown, Burt & Swanson, Salem.

*Douglass H. Schmor,* Certified Law Clerk, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and DENECKE, Judges.

LANGTRY, J.

Defendant was convicted by jury in district court and then on de novo appeal by another jury in circuit court of harassment by anonymous telephone calls to the complainant, who is husband and father of a family. ORS 166.065(1)(c). This appeal is from the judgment in the latter conviction. The verdicts show that the juries believed evidence that the defendant, age 20, harassed a family living in the same neighborhood as himself over the spring and summer of 1974, starting out by repeatedly staring in their windows, assaulting their seven-year-old son, and finally making numerous anonymous telephone calls to them in early morning hours threatening their lives. Evidence showed calls to authorities and contact by them with the defendant about the course of conduct he was pursuing.

The only error claimed on appeal is that the case should have been dismissed because ORS 166.065(1)(c) defines illegal harassment conduct in such a manner as to be void for vagueness. The challenged portion of the statute is:

"(1) A person commits the crime of harass-

ment if, with intent to harass, annoy or alarm another person, he:

"* * * * *

"(c) Communicates with a person, anonymously or otherwise, by telephone, mail or other form of written communication, in a manner likely to cause annoyance or alarm * * *

"* * * * * *"

Defendant relies principally upon the opinion in *State v. Hodges*, 254 Or 21, 457 P2d 491 (1969), which reiterates the often-expressed rule that to be valid a statute defining a crime must so precisely define the same as to enable persons of common intelligence to understand what is prohibited. The question here is whether the challenged subsection of the statute accomplishes that objective.

In *State v. Sallinger*, 11 Or App 592, 595-96, 504 P2d 1383 (1972), we held:

"The mental element common to both ORS 166.065(1)(a) and 166.065(1)(d) is not unconstitutionally vague. The state is required to prove beyond a reasonable doubt that the defendant had the *specific* 'intent to harass, annoy or alarm.' *See, People v. Jemzura*, 29 NY2d 590, 324 NYS2d 315, 272 NE2d 897 (1971); *cf., People v. Moyer*, 27 NY2d 252, 317 NYS2d 9, 265 NE2d 535 (1970). Common dictionary definitions of the three terms— harass, alarm, annoy—are: to perplex, distress, vex, molest, trouble, disturb, badger, irritate, or provoke. All of these terms relate to the invasion of another person's privacy and freedom, either an invasion of the sanctity of his person or an invasion of his peace of mind. All three terms— harass, alarm, annoy—are used elsewhere in the law. * * * The mental element of harassment, ORS 166.065, is precisely defined and enables men of common intelligence to understand what is prohibited. *See, State v. Hodges*, 254 Or 21, 457 P2d 491 (1969)."

■ In *Sallinger* we dealt with paragraphs (a) and (d) of ORS 166.065(1). What we said there applies also to ORS 166.065(1)(c). A person of common intelligence would have no difficulty in knowing that repeated anonymous telephone calls at 2 and 3 o'clock in the morning in which the recipient's life. is threatened is "likely to cause annoyance or alarm." Evidence of the other acts of harassment, the telephone calls and the efforts made to get him to desist, demonstrates that this defendant well understood that he was harassing the complainant.[①]

■ The jury was properly instructed that it must find beyond a reasonable doubt that defendant made the calls and made them with a specific intent to harass, annoy or alarm the complainant.

Affirmed.

---

[①] In Screws v. United States, 325 US 91, 101-02, 65 S Ct 1031, 89 L Ed 1495, 162 ALR 1330 (1945), the United States Supreme Court said in a case where it was claimed a statute was unconstitutionally vague:

"* * * The constitutional vice in such a statute is the essential injustice to the accused of placing him on trial for an offense, the nature of which the statute does not define and hence of which it gives no warning. * * * But where the punishment imposed is only for an act knowingly done with the purpose of doing that which the statute prohibits, the accused cannot be said to suffer from lack of warning or knowledge that the act which he does is a violation of law * * *."

See also Comment, *Vagueness Doctrine*, 7 Conn L Rev 94 (1974).