Submitted September 27, reversed and remanded December 11, 1978

STATE OF OREGON, *Appellant,*
*v.*
DAVID JOE LARSEN, *Respondent.*
(No. 8604, CA 11646)
588 P2d 41

Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for appellant. With him on the

brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Richard J. Smith, Klamath Falls, waived appearance for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

The circuit court sustained defendant's demurrer to a criminal complaint charging him with the crime of harassment, and the state appeals. The only issue is whether the applicable subsection of the harassment statute is unconstitutionally vague.

ORS 166.065 specifies four means of committing the crime of harassment:

"(1) A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, he:

"(a) Subjects another to offensive physical contact; or

"(b) Publicly insults another by abusive or obscene words or gestures in a manner likely to provoke a violent or disorderly response; or

"(c) Communicates with a person, anonymously or otherwise, by telephone, mail or other form of written communication, in a manner likely to cause annoyance or alarm; or

"(d) Engages in a course of conduct that alarms or seriously annoys another person and which serves no legitimate purpose.

Pursuant to subsection (c), defendant was charged by information with making an obscene phone call.[1] He contends that the statute is void for vagueness.

We have previously rejected defendant's contention in a decision sustaining the constitutionality of the same subsection as applied to a defendant who made anonymous early morning telephone calls threatening

---

[1]The information charged defendant as follows:

"DAVID LARSEN is accused by Lake County District Attorney Neal Walker by this Information of the crime of HARASSMENT [ORS 166.065(1) (c)] a Class B Misdemeanor, committed as follows:

"The said defendant on or about the 5 day of May, 1978, in the County of Lake and State of Oregon, then and there being, did unlawfully and with the intent to harass, annoy, and alarm [the victim], communicate with [the victim] by telephone in a manner likely to cause annoyance and alarm, to-wit: by anonymously stating to [the victim] that he desired to engage in oral deviate sexual intercourse and anal deviate sexual intercourse with [the victim] contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

the life of the recipient. *State v. Zeit,* 22 Or App 480, 539 P2d 1130 *rev den* (1975). However, in *State v. Sanderson,* 33 Or App 173, 575 P2d 1025 (1978), we held that subsection (d) of the harassment statute violated due process because it was too vague to provide standards capable of consistent judicial application. In this case, the circuit court reasoned that subsections (c) and (d) of ORS 166.065(1) were so similar that *Zeit* could no longer be considered valid law in light of the reasoning in *Sanderson.* While we understand the circuit court's difficulty in distinguishing *Sanderson* from *Zeit,* we conclude that the subsection at issue in this case is more limited in scope.

■ In *Sanderson,* 33 Or App at 176, we explained the basic principles of the vagueness doctrine:

> "To survive constitutional scrutiny, a statute must provide an adequate standard for judicial determination of whether an individual's conduct is criminal. *City of Portland v. James,* 251 Or 8, 14, 444 P2d 554 (1968). It must establish a basis for the trial judge's decision of whether to submit a case to the jury and it must provide a framework within which the jury can determine guilt or innocence. A statute which does not provide such a standard for judicial application is void because it invests the judge and jury with uncontrolled discretion to impose the criminal sanction. *State v. Hodges,* 254 Or 21, 27, 457 P2d 491 (1969).

> "We have said that a statute which defines criminal conduct is void for vagueness if language describing elements of the offense is so elastic that men of common intelligence must necessarily guess at its meaning. *City of Portland v. White,* 9 Or App 239, 242, 495 P2d 778 *rev den* (1972). * * *"

More recently, in *State v. Williams,* 37 Or App 419, 422-23, 587 P2d 1049 (1978), we commented on the difficulties of applying the vagueness doctrine:

> "A determination of whether a statute is void for vagueness necessarily involves questions of degree. The legislature need not define an offense with such exactitude that a person could determine in advance whether specific conduct in all possible factual circumstances will

be found to be an offense. *State v. Samter,* 4 Or App 349, 352, 479 P2d 237 (1971). The standard need not be so exact that persons affected by it will never be required to hazard their freedom upon a correct assessment of the manner in which a jury will resolve a question of degree. *State of Oregon v. Wojahn,* 204 Or 84, 137, 282 P2d 675 (1955). * * *"

In *Sanderson,* we found that the phrase "alarms or seriously annoys" was so general and subjective that it provided no basis for distinguishing criminal from non-criminal conduct and that the subsection was not susceptible to a limiting construction because the legislative history indicated an intention to create a "dragnet" or catchall offense. The subsection invalidated in *Sanderson* prohibited "engaging in a course of conduct that alarms or seriously annoys another person"; the nature of annoying conduct to which the statute might apply was left unspecified. On the other hand, the underlying conduct proscribed in subsection (c) is relatively specific: subsection (c) applies only to use of the telephone or a written medium of communication. Nor is there any indication that subsection (c) was intended to create a catchall offense. Rather, given an apparent and legitimate legislative aim to outlaw use of telephones or mail to convey sexually offensive or threatening messages specifically intended to alarm or annoy another person, it would have been difficult for the legislature to be more precise in defining this offense.

Because the ambit of the statutory prohibition is confined to use of the telephone or written means of communication and the statute requires not only that the conduct be "in a manner likely to cause annoyance or alarm" but also that it be done with the specific intent to have that effect, we conclude that it provides adequate guidance for application by court or jury to a particular set of facts.

■ Defendant in this case was charged with making an obscene telephone call. A person of ordinary intelligence would have no difficulty knowing that such

[ 429 ]

conduct, if performed with the requisite intent, falls within the ambit of the statutory prohibition. *See, State v. Zeit,* 22 Or App at 483. Although the limits of the statute have yet to be defined, this alleged conduct is unquestionably within its prohibition. The demurrer should have been overruled.

Reversed and remanded.