Argued and submitted October 24, 1983, affirmed May 9, reconsideration denied June 8, petition for review denied July 3, 1984 (297 Or 458)

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHN COLLINS,
*Appellant.*

(82-355C; CA A27870)

680 P2d 713

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for criminal mistreatment in the first degree. He argues that the statute upon which his conviction is based is unconstitutionally vague. We affirm.

Defendant was indicted for violation of ORS 163.205, which provides in pertinent part:

"(1)  A person commits the crime of criminal mistreatment in the first degree if:

"* * * * *

"(b)  The person, having assumed the permanent or temporary care, custody or responsibility for the supervision of a dependent person, intentionally or knowingly causes physical injury or injuries to the dependent person.

"(2)  As used in this section, 'dependent person' means a person who because of either age or a physical or mental disability is dependent upon another to provide for the person's physical needs.

"(3)  Criminal mistreatment in the first degree is a Class C felony."

He demurred to the indictment, asserting that the definition of a "dependent person" contained in the statute is so broad that a person could be indicted under ORS 163.205 for the assault of a clergyman or of a person receiving social security benefits. Consequently, defendant argues, the statute is unconstitutionally vague under both the state and the federal constitutions.

██ Defendant correctly asserts that a criminal statute must express clearly the conduct that it prohibits so that those who are about to engage in such conduct may know from reading the statute that they will be subject to punishment if they proceed. *State of Oregon v. Wojahn,* 204 Or 84, 136, 282 P2d 675 (1955). The right to challenge a criminal statute on vagueness grounds, however, is limited.

" "* * * The constitutional vice in such a statute is the essential injustice to the accused of placing him on trial for an offense, the nature of which the statute does not define and hence of which it gives no warning. * * * But where the punishment imposed is only for an act knowingly done with the purpose of doing that which the statute prohibits, the

accused cannot be said to suffer from lack of warning or knowledge that the act which he does is a violation of law * * *.' " *State v. Zeit,* 22 Or App 480, 483, n 1, 539 P2d 1130, *rev den* (1975), quoting *Screws v. United States,* 325 US 91, 101-02, 65 S Ct 1031, 89 L Ed 1495 (1945).

The United States Supreme Court has reaffirmed that rule more recently in *Parker v. Levy,* 417 US 733, 756, 94 S Ct 2547, 41 L Ed 2d 439 (1974).

In *State v. Larsen,* 37 Or App 425, 588 P2d 41 (1978), the state appealed an order sustaining a demurrer to an indictment charging the defendant with telephone harassment. The defendant did not argue that he had been unable to determine from a reading of the statute that his behavior (making an obscene telephone call) was prohibited. We reversed, explaining that, although the limits of the behavior proscribed by the harassment statute were not yet fully defined, the defendant's conduct was unquestionably within its prohibition. 37 Or App at 430. The same is true here. Defendant does not argue that he was unable to determine from reading ORS 163.205 that his conduct (beating and choking a ten-month old child) was prohibited. Rather, he argues abstractly that his conviction must be reversed because one definitional section of the statute allegedly could be interpreted to include a class of persons that the legislature did not intend to include. Here, as in *Larsen,* defendant cannot challenge the constitutionality of the statute as applied to him on the ground of vagueness.

■ In his second assignment, defendant asserts that the court erred in denying his motion for judgment of acquittal. He asserts that there is insufficient evidence in the record to permit a rational trier of fact to conclude that he is guilty of criminal mistreatment in the first degree. *See Jackson v. Virginia,* 443 US 307, 99 S Ct 2781, 61 L Ed 2d 560 (1979); *State v. Harris,* 288 Or 703, 609 P2d 798 (1980). Our review of the record convinces us that ample testimony was adduced from which the court could have inferred that, while taking a shower with the 10-month-old victim, defendant choked and beat her. *See State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974).

■     Next, defendant asserts that the trial court's admission of testimony describing defendant's out-of-court admission to a police officer that he had committed a previous sexual assault on the child was error. When defendant timely objected at trial, the court agreed that the testimony was irrelevant, but stated, "It's before the court and it's already in. And this is a non-jury trial, so the objection is overruled." Defendant maintains that, because the testimony was irrelevant, the trial court's failure to sustain his objection constitutes reversible error. We disagree. In *Haines Com'l Equip. Co. v. Butler,* 268 Or 660, 669, 522 P2d 472 (1974), the court said:

> "Assuming, however, that the testimony of Mr. Camp relating to the rental value of the combine was inadmissible for any purpose and was improperly received, as also contended by defendant, it still does not follow that the judgment must be reversed. This is because in a case tried by a court, sitting without a jury, it is assumed that the trial judge disregarded the inadmissible evidence and relied only upon competent evidence as the basis for his findings and judgment, unless it reasonably appears from the record that the incompetent evidence influenced the trial court in its decision. * * * In this case it does not appear that the trial court was influenced in its findings or judgment by the evidence objected to." 268 Or at 669-70. (Citations and footnote omitted.)

Assuming that admission of the testimony was error, it does not require reversal. Furthermore, the record indicates that the judge did not consider it.

■     Finally, in a supplemental brief, defendant argues that the trial court erred when it imposed on him a mandatory minimum sentence of two years. He cites *State v. Macy,* 295 Or 738, 671 P2d 92 (1983), as authority for his contention. Defendant's argument is without merit. *See State v. Turner,* 296 Or 451, 676 P2d 873 (1984).

Affirmed.