STATE OF OREGON,
*Respondent,*

*v.*

RONALD EUGENE PIERCE,
*Appellant.*

(10-82-07353; CA A26967)

687 P2d 161

William L. Tufts, Staff Attorney, Public Defender Services of Lane County, Inc., Eugene, argued the cause and filed the brief for appellant.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Terry A. Leggert, Special Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals his conviction for burglary in the first degree. He contends that the trial court erred in ruling that ORS 164.225(1)(a) is not unconstitutionally vague in violation of the Fifth and Fourteenth Amendments to the United States Constitution.[1] We affirm.

Defendant was charged with burglary of a building described as an office or shop portion of a U.S. Forest Service warehouse under ORS 164.225(1)(a), which provides:

> "A person commits the crime of Burglary in the First Degree if he violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom he:
>
> "(a) Is armed with a burglar's tool as defined in ORS 164.235 * * *."

The information alleged that defendant "was armed with a prybar, a burglar's tool" while effecting entry into the building and fleeing therefrom. ORS 164.235(2) defines "burglar tool":

> "[A]n acetylene torch, electric arc, burning bar, thermal lance, oxygen lance or other similar device capable of burning through steel, concrete or other solid material, or nitroglycerine, dynamite, gunpowder or any other explosive, tools, instrument or other article adapted, designed or commonly used for committing or facilitating a forcible entry into premises or theft by a physical taking."

■ In essence, defendant contends that the statute fails adequately to define "burglar tool" or the conditions under which possession of such tools constitutes burglary in the first degree. Assuming the general validity of this contention, the statute as applied to defendant is sufficiently clear. *See State v. Warner,* 67 Or App 251, 677 P2d 733, *rev allowed* 297 Or 124 (1984); *State v. Larsen,* 37 Or App 425, 588 P2d 41 (1978); *State v. Zeit,* 22 Or App 480, 539 P2d 1130 (1975). Defendant admitted to police after his arrest that his entry was accomplished by use of a prybar that he had found outside the Forest Service compound. In so stating, he admitted not only the possession of the prybar but, also, its use in gaining entry to

---

[1] Defendant argued in his brief that ORS 164.225(1)(a) is also constitutionally overbroad. At his oral presentation, however, he conceded that argument.

the building. Detective Piquette of the Eugene Police Department testifed that he had been personally assigned to investigate several thousand burglaries during his career and that the most common tool used to gain entry during the course of those burglaries was a "prytool." Piquette identified the tool used by defendant as a tire iron used in changing truck tires and classified it as a "prytool." In argument defendant describes it as a three-foot bar with flattened ends. The prybar was clearly a tool "commonly used for committing or facilitating a forcible entry into premises * * *."

As to defendant's argument that the statute is unconstitutionally vague, we have previously held that it is not. *State v. Cockrum,* 14 Or App 431, 512 P2d 1373 (1973). Defendant fails to convince us that that holding should be overruled.[2]

Affirmed.

---

[2] Similar statutes have been upheld, generally, when attacked as violating the Fifth and Fourteenth Amendments to the United States Constitution because of vagueness. *See* cases collected in *Annot.,* 33 ALR3d 798, 809 *et seq* (1970), and Supp 107-108 (1983).