Argued and submitted September 26, affirmed October 24, 1984

STATE OF OREGON,
*Respondent,*

*v.*

ROGER WALTER WHITFORD,
*Appellant.*

(10-83-02624; CA A30628)

689 P2d 1023

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Brenda J. Peterson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant seeks reversal of his conviction for failure to appear in the first degree, ORS 162.205, contending that the charging statute is unconstitutionally vague.[1] Because his behavior was unquestionably within the prohibited conduct of the statute, we hold that defendant is precluded from challenging the constitutionality of the statute, as applied to him, on vagueness grounds. Accordingly, we affirm.[2]

ORS 162.205 provides:

"(1)  A person commits the crime of failure to appear in the first degree if, having by court order been released from custody or a correctional facility upon a release agreement or security release upon the condition that he will subsequently appear personally in connection with a charge against him of having committed a felony, he intentionally fails to appear as required.

"(2)  Failure to appear in the first degree is a Class C felony."

In order to survive a vagueness challenge,

"* * * a criminal statute must express clearly the conduct that it prohibits so that those who are about to engage in such conduct may know from reading the statute that they will be subject to punishment if they proceed. * * *" *State v. Collins,* 68 Or App 101, 103, 680 P2d 713 (1984).

However, the right to assert a vagueness challenge is limited. Recognizing that the key to such a challenge is a statute's failure to warn an accused of the nature of the charge against him, it follows that:

" "* * * where the punishment imposed is only for an act knowingly done with the purpose of doing that which the

---

[1] Defendant relies on Article I, section 21, of the Oregon Constitution and the Fourteenth Amendment of the United States Constitution. Article I, section 21, provides, in part:

"No *ex-post facto* law * * * shall ever be passed, * * *."

The Fourteenth Amendment to the United Constitution states, in part:

"* * * No State shall * * * deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

[2] Defendant also contends that there was insufficient evidence to sustain his conviction. This issue merits no discussion.

statute prohibits, the accused cannot be said to suffer from lack of warning or knowledge that the act which he does is a violation of law * * *.' " *State v. Zeit,* 22 Or App 480, 483 n 1, 539 P2d 1130, *rev den* (1975), quoting *Screws v. United States,* 325 US 91, 101-02, 65 S Ct 1031, 89 L Ed 1495 (1945).

Thus, in *State v. Larsen,* 37 Or App 425, 588 P2d 41 (1978), where the state appealed a successful vagueness challenge of the telephone harassment statute, we noted that the defendant did not argue that he had been unable to determine from a reading of the statute that his behavior (making an obscene telephone call) was prohibited. We reversed, explaining that, although the limits of the behavior proscribed by the harassment statute were not yet fully defined, the defendant's conduct was unquestionably within its prohibition. 37 Or App at 430.

The *Larsen* rationale clearly applies to this case. Defendant is charged with intentionally failing to appear at a sentencing hearing after *the court* had ordered him, through his attorney, to appear. Applying the *Larsen* rationale, "a person of ordinary intelligence would have no difficulty knowing that such conduct, if performed with the requisite intent, falls within the ambit of the statutory prohibition." *State v. Larsen, supra,* 37 Or App at 429-30. Defendant does not, and cannot, argue otherwise. In this case, the record is clear that he left the state voluntarily. Through correspondence, he indicated to the district attorney that he never intended to return.

Defendant's only argument is an abstract one. He asserts that his conviction must be reversed, because the statutory words "as required" are unclear. He argues that, because one cannot tell whether those words refer to the security release agreement, the custody referee, the court, or common practice, they are uncertain. We cannot see how defendant can say that he has been victimized by any such uncertainty. The thrust of the case against him is that *the court* had ordered him to appear. He does not contend that *the court* lacked such authority. Under the circumstances, defendant cannot challenge the constitutionality of ORS 162.205, as applied to him, on the ground of vagueness. *See also State v. Pruett,* 37 Or App 183, 586 P2d 800 (1978).

Affirmed.