# STATE OF OREGON,
## *Respondent,*

*v.*

# THOMAS LEONARD WARNER,
## *Appellant.*

## (J88-3359; CA A65147)

819 P2d 1390

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals his conviction for criminal mistreatment in the first degree. ORS 163.205(1)(b). We affirm.

In December, 1988, defendant brought his six-month old daughter to an emergency room, where she was found to have bruises on her back and abdomen and blood in all four retinal quadrants. Acute "Shaken Baby Syndrome" was diagnosed. At trial, there was evidence that, when the infant would not stop crying, defendant had violently shaken her and thrown her into her crib from a distance of some feet. He was convicted of violating ORS 163.205(1)(b):

"A person commits the crime of criminal mistreatment in the first degree if:

"* * * * *

"(b) The person, having assumed the permanent or temporary care, custody or responsibility for the supervision of a dependent person, intentionally or knowingly causes physical injury or injuries to the dependent person."

Defendant argues that the statute is "void for vagueness," because the statutory language, "having assumed the permanent care, custody or responsibility * * * of a dependent person," excludes a parent. His argument appears to be that, because the legislature did not use the word "parent," the language describing to whom the statute applies is too vague to give him notice that he is included within the proscribed conduct. *See City of Portland v. White,* 9 Or App 239, 495 P2d 778, *rev den* 1972. Defendant is wrong. Because the legislature chose to use language that would include persons other than parents does not mean that it excluded parents, who certainly assume the care and custody of a dependent child. Defendant has not shown that he was otherwise unable to determine from reading the statute that his conduct was prohibited.[1] *See State v. Collins,* 68 Or App 101, 680 P2d 713,

---

[1] Defendant appears to argue that the statute does not describe the circumstances by which he could have known that he would cause harm. His position is that his own violent upbringing did not let him know that his violent shaking of the infant would harm her. That argument is a challenge to the inferences from the evidence; it is not a vagueness challenge.

*rev den* 297 Or 458 (1984). The statute is not unconstitutionally vague.[2]

Affirmed.

---

[2] Defendant also asserts that the evidence was insufficient to permit the inference that he acted with a "conscious objective" to injure his daughter. The argument was not raised at trial and will not be considered for the first time on appeal. *State v. Lovelace,* 94 Or App 586, 590, 767 P2d 80, *rev den* 307 Or 571 (1989); ORAP 5.45(2). We also reject defendant's argument that, because there was conflicting evidence, it could not be said beyond a reasonable doubt that defendant caused the injuries. Conflicts in the evidence do not automatically equate with reasonable doubt. *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974).