Argued and submitted August 28, 1992, affirmed March 17, 1993

STATE OF OREGON,
*Respondent,*

*v.*

RICHARD REICHSFELD,
*Appellant.*

(9101 30435; CA A71206)

848 P2d 639

Eric R. Johansen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

* Leeson, J., *vice* Buttler, J., retired.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Defendant seeks reversal of his conviction for criminal possession of a forgery device, ORS 165.032(1)(b), arguing that the charging statute is unconstitutionally vague under the state and federal constitutions. Because his conduct was squarely within the statute's prohibition, we conclude that his constitutional attack fails and affirm.

On January 16, 1991, the first day of the Persian Gulf war, defendant and his travel companion purchased and attempted to use two airplane tickets. Because of the war, airport security was heightened and passengers and their luggage were closely examined before being allowed on the plane. When defendant and his companion checked in, the names they gave did not match the names given when the reservations were made. This discrepancy caused the ticket clerk to become suspicious of them, and he notified the baggage area to x-ray their luggage.

The contents of defendant's bags could not be identified with the x-ray device. Consequently, security personnel opened the bags and searched them.[1] They found large cardboard placards, approximately 2' × 3', that were oversized replicas of Oregon, Utah, and New Jersey driver's licenses.[2] The placards had a cut-out in the upper corner. Such placards are commonly used to forge driver's licenses by taking a photograph of a person standing behind the placard with the person's head in the cut-out area, trimming the photograph to the size of a driver's license and laminating it.

Defendant was indicted for violation of ORS 165.032 (1)(b), which provides:

"(1) A person commits the crime of criminal possession of a forgery device if:

"(b) With intent to use, or to aid or permit another to use, the same for purposes of forgery, the person * * * possesses any device, apparatus, equipment or article *capable of* * * * such use." (Emphasis supplied.)

---

[1] Defendant does not challenge the legality of the search.

[2] Defendant and his companion also had an electric laminator, a tool used to cut round corners, a camera and film, several pairs of scissors, a red backdrop similar to the one behind a person's picture in an Oregon driver's license and several fraudulent driver's licenses from Oregon, Washington and Utah.

The indictment provided:

> "The said defendant, RICHARD GREGORY REICHS-FELD, on or about January 16, 1991, in the County of Multnomah, State of Oregon, did unlawfully possess a device, to-wit: cardboard placards, capable of use for purposes of forgery, with intent to use or aid another to use the said device for purposes of forgery, contrary to the Statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

Defendant demurred to the indictment, claiming that the words "capable of" are unclear. He asserts that there are many common items, such as a pen or pencil, that are "capable of" aiding a forgery. Consequently, defendant argues, the statute is unconstitutionally vague under Article 1, sections 20 and 21, of the Oregon Constitution, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, because it has no objective limits. We address the state constitutional claim first. *State v. Kennedy*, 295 Or 260, 262, 666 P2d 1316 (1983).

■ Because ORS 165.032(1)(b) does not implicate First Amendment rights, *see State v. Henry*, 302 Or 510, 515, 732 P2d 9 (1987), defendant cannot rely on the abstract vagueness of the statute in hypothetical situations if the statute is clear in proscribing his conduct. *State v. Albee*, 118 Or App 212, 847 P2d 858 (1993). Our focus, therefore, "is on whether [ORS 165.032(1)(b)] is constitutional as applied to defendant under these circumstances." 118 Or App at 216.

■ To withstand a vagueness challenge, a criminal statute must define an offense in such terms that a person of ordinary intelligence can understand what conduct is encompassed by the prohibition in the statute. *State v. Graves*, 299 Or 189, 195, 700 P2d 244 (1985); *State v. Knobel*, 97 Or App 559, 563, 777 P2d 985 (1989). A defendant's right to challenge a statute on vagueness grounds is, however, limited. Bearing in mind that the key to a vagueness challenge is the statute's failure to provide a defendant with fair notice of the prohibited conduct, it follows that

> " 'where the punishment imposed is only for an act knowingly done with the purpose of doing that which the statute prohibits, the accused cannot be said to suffer from lack of

warning or knowledge that the act which he does is a violation law * * *.' " *State v. Collins*, 68 Or App 101, 103-04, 680 P2d 713 (1984).

See also State v. Whitford, 70 Or App 456, 689 P2d 1023 (1984).

In *State v. Larsen*, 37 Or App 425, 588 P2d 41 (1978), the state appealed the defendant's successful vagueness challenge to the telephone harassment statute. The defendant did not contend that he had been unable to ascertain from reading the statute that his conduct of making an obscene telephone call was forbidden. We reversed, explaining that, although the limits of the conduct prohibited by the harassment statute were not yet fully defined, the defendant's conduct was unquestionably within its purview. 37 Or App at 430. *See also State v. Farrar*, 309 Or 132, 786 P2d 161 (1990); *State v. Whitford, supra*; *State v. Collins, supra*. That same reasoning applies here. Defendant does not, and cannot, argue that he was unable to determine from reading ORS 165.032(1)(b) that *his* behavior was prohibited. Indeed, any person of ordinary intelligence would have no difficulty knowing that defendant's possession of the placards, if performed with the requisite intent, falls within the ambit of the statutory prohibition. *State v. Larsen, supra*, 37 Or App at 429-30; *see also State v. Pruett*, 37 Or App 183, 586 P2d 800 (1978).

Defendant argues in the abstract that his conviction should be reversed because the statute could be interpreted to include items that the legislature did not intend to include. However, the fact that ORS 165.032(1)(b) may be vague as applied to persons possessing other types of instruments does not aid defendant's challenge in this case. *State v. Albee, supra*. We hold that, under these facts, defendant's vagueness challenge under the Oregon Constitution fails.

For the same reasons, his challenge to the statute under the Fourteenth Amendment fails. *Parker v. Levy*, 417 US 733, 756, 93 S Ct 2547, 41 L Ed 2d 439 (1974).

Affirmed.