This is an appeal from a judgment of the Norwalk Municipal Court which found defendant-appellant, Kenneth C. Baker, guilty of one count of falsification in violation of R.C.2921.13(A)(3). From that judgment, Baker assigns the following as error:
 "The Court erred in denying Defendant-Appellant's motions [sic] to dismiss the charges [sic] as the complaint and affidavit failed to state sufficient facts to constitute a crime under Criminal Rule 3."
On June 15, 1998, Detective Dane Howard of the Huron County Sheriff's Office issued a summons and complaint to appellant which charged appellant with a violation of R.C. 2921.13(A)(3). The complaint reads:
 "On June 4th, 1998, at 255 Shady Lane, Huron County Sheriff's Office, you DID KNOWINGLY MAKE A FALSE STATEMENT, WITH PURPOSE TO MISLEAD A PUBLIC OFFICIAL IN PERFORMING THE PUBLIC OFFICIAL'S OFFICIAL FUNCTION — ORC 2921.13A3 [sic]."
Following a plea of not guilty, the case proceeded to a bench trial. After the state had presented its case, appellant moved to dismiss the charge on the ground that the complaint failed to state the essential facts of the offense charged and therefore did not comply with Crim.R. 3. The court overruled the motion and subsequently found appellant guilty of falsification. It is from that conviction that appellant now appeals.
In his sole assignment of error, appellant asserts that the lower court erred in failing to dismiss the complaint against him because that complaint failed to comply with Crim.R. 3. Crim.R. 3 reads:
 "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."
The purpose of a criminal complaint is "to inform the accused of the identity and essential facts constituting the offense charged" State v. Broughton (1988), 51 Ohio App.3d 10, 11. While all the specific facts relied upon to sustain the charge need not be recited in the complaint, all the material elements of the crime must. State v. Burgun (1976), 49 Ohio App.2d 112. "A complaint is generally deemed to be sufficient if it charges an offense in the words of the statute or ordinance upon which it is based." State v. White-Barnes (Dec. 8, 1992), Ross App. No. 1841, unreported. Since a person is put on notice of the charge against him or her by the complaint, it is deemed sufficient if an "individual of ordinary intelligence would not have to guess as to the type and scope of the conduct prohibited." People v. Taravella (1984), 133 Mich. App. 515,522, 350 N.W.2d 780, 784.
In the present case, the complaint alleged a violation of R.C. 2921.13(A)(3), falsification. That statutory provision reads:
 "(A) No person shall knowingly make a false statement, or knowingly, swear or affirm the truth of a false statement previously made, when any of the following applies:
"* * *
 "(3) The statement is made with purpose to mislead a public official in performing the public official's official function."
Unlike most of the cases cited by appellant, the complaint at issue does allege the material elements of the crime charged. It alleges the date of the offense, the location of the offense, that appellant knowingly made a false statement, that the statement was made to mislead a public official in performing his official function, and that the offense alleged violates R.C. 2921.13(A)(3). In addition, Detective Dane Howard is identified as the "Issuing-Charging Law Enforcement Officer" and Detective Howard made the complaint under oath.
Accordingly, the complaint complies with Crim.R. 3 and the trial court did not err in denying appellant's motion to dismiss. The sole assignment of error is not well-taken.
On consideration whereof, the court finds that the appellant was not prejudiced or prevented from having a fair trial and the judgment of the Norwalk Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J. -------------------------- JUDGE
Richard W. Knepper, J. -------------------------- JUDGE
John R. Milligan, J. CONCUR. -------------------------- JUDGE
Judge John R. Milligan, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.